UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                              Case No. 8:20-cr-238-JSM-SPF

SANDU BORIS DIACONU
_____/

**PRETRIAL DISCOVERY ORDER AND
NOTICE OF TRIAL AND STATUS CONFERENCE**

Rule 2 instructs courts to interpret the Federal Rules of Criminal Procedure so as "to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Accordingly, to regulate discovery, which is largely a self-executing process, and eliminate or minimize the filing of routine pretrial motions, it is

ORDERED:

*A. The Government's Discovery Obligations*

Given the Defendant's request for discovery under Rule 16(a)(1), counsel for the government shall disclose to the Defendant not later than **14 days** from the date of this Order the following information:

      1.    The Defendant's oral, written, or recorded statements as governed by Rule 16(a)(1)(A) and (B).

      2.    The Defendant's prior criminal record.  *See*: Rule 16(a)(1)(D).

      3.    Documents and objects covered by Rule 16(a)(1)(E).

      4.    The results of examinations and tests governed by Rule 16(a)(1)(F).

5. A written summary of any expert testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness's opinions, the bases and the reasons therefor, and the witness's qualifications as set forth in Rule 16(a)(1)(G).

B. *The Defendant's Discovery Obligations*

Given the Defendant's requests under Rule 16(a)(1) and the government's reciprocal requests under Rule 16(b)(1), the Defendant is to promptly provide the government the following:

1. Those documents and objects covered by Rule 16(b)(1)(A);

2. Any reports and tests covered by Rule 16(b)(1)(B).

3. A written summary of any expert testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness's opinions, the bases and the reasons therefor, and the witness's qualifications as set forth in Rule 16(b)(1)(C).

C. *Exculpatory Information*

So that the Defendant can use the information effectively, which generally requires disclosure *before* the trial, the government shall timely disclose to the defense the following:

1. Information and material known to the government which may be favorable to the Defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

2. The existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959). This includes making available any application to the Court for immunity of a witness as well as any order issued in response to the application. The

> government need not disclose papers generated at earlier stages of the immunity process.

No further *Brady* motions or requests need be filed with the Court. The Defendant, however, may seek relief with respect to a specific dispute concerning the disclosure of favorable evidence.

### D. Additional Obligations of the Government

1. The government shall advise all law enforcement agents and officers involved in this case to retain any rough notes, recordings, reports and statements pertaining to this case which are currently in existence. Other government employees are not required to retain their working papers.

2. The government shall not destroy any evidence in this case without giving 14 days notice to all defense counsel. If there is any objection filed to the proposed destruction, the government shall not destroy the evidence without first having obtained the Court's approval to do so.

3. The government shall provide to the Defendant, no later than 14 days prior to trial, a list stating the general nature of any crimes, wrongs or acts it intends to introduce in evidence against the Defendant pursuant to Fed. R. Evid. 404(b).

4. The government shall provide to the Defendant, not later than 14 days prior to trial, the names of any unindicted co-conspirators whose statements will be offered against the Defendant in government's case-in-chief pursuant to Fed. R. Evid. 801(d)(2)(E).

5. The government shall state, not later than 14 days from the date of this Order, whether electronic surveillance of any kind, or a mail cover, was used in this case. If the answer is in the affirmative, the government shall state the nature of surveillance and its duration.

6. The government shall state, not later than 14 days from the date of this Order, whether any confidential informant was used in this case.

    7.    The government shall state whether the Defendant was the subject of electronic surveillance (*see* 18 U.S.C. § 2510(11)), and, if so, shall set forth in detail the circumstances thereof, including copies of the application(s), affidavit(s) and order(s).

    8.    The government shall state whether the Defendant was identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

    9.    The government shall state whether any evidence to be introduced at trial, or leads therefrom, were obtained as a result of a search warrant issued under Fed. R. Crim. P. 41.

### E. Continuing Duty to Disclose

The parties are reminded of their continuing discovery obligations under Rule 16(c), namely: to promptly disclose newly discovered information or items covered by this Order and Rule 16.

### F. Rule 12 Pretrial Motions – Deadlines and Certification requirements

Unless there is a dispute as to the application of this Order, a motion under Rule 12(b)(3)(E) that seeks information covered by Sections A, B, C, and D is unnecessary and should not be filed. Moreover, the government need not respond to a defense motion covered by those sections. If the Court determines a response is required, the Court will direct the government to file a response.

Absent good cause, or as otherwise permitted by the trial judge, **pretrial motions covered by Rules 7(d), 7(f), 12(b)(2), or 12(b)(3) are to be filed no later than 21 days from the date of this Order**. The failure to respond to a motion (other than one where no response is necessary, *supra*) will permit the Court to assume that motion is unopposed. *See* Local

Rule 3.01(b).

Absent good cause, the Court will not entertain any motion relating to discovery unless counsel for the moving party certifies that counsel for the parties have been unable to resolve their differences, or reach agreement after holding a conference, or that opposing counsel has refused to confer without good cause. The Court will deny without prejudice any discovery motion that does not contain such a statement.

G.  *Defense Notice Requirements*

Unless otherwise ordered or permitted by the trial judge, any notice called for by Rules 12.1 (alibi), 12.2 (insanity or use of expert evidence of mental condition), or 12.3 (public-authority defense) shall be served no later than 21 days from the date of this Order absent good cause shown.

H.  *Notice of Trial Date and Status Conference*

This case is set before the Honorable James S. Moody, Jr., United States District Judge, **for trial during the weeks beginning December 4, 2023. A status conference will not be scheduled.**

I.  *Joint Status Report Requirement*

The parties shall file a joint status report on or before the tenth day of each month. Said report shall include the following information:

1. A brief summary of the status of the case, including the number of remaining defendants (including fugitives);

2. The possibility, if known, of a plea agreement as to each defendant;

3. The number of days for trial each side requires;

5

4. A list of all pending motions, the dates on which they were filed, and whether they are ripe for determination; and

5. A brief explanation as to whether a potential speedy trial problem exists.

It is so ordered.

DONE AND ORDERED at Tampa, Florida on October 16, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE